CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL - 8 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| WESLEY REX JONES, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00386 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| J.R. TOWNSEND, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Wesley Rex Jones, Virginia inmate number 270575, has filed this pro se action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate at Green Rock Correctional Center ("Green Rock") in Chatham, Virginia, alleges that defendants violated his constitutional rights by dismissing him from a prison job. Plaintiff seeks damages in excess of $15,000.00. For the reasons stated herein, I will dismiss this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I. FACTUAL BACKGROUND[2]

Plaintiff was employed as an "inmate advisor" at Green Rock. He states that, on August 6, 2007, he mailed a "letter of grievance" to "Court and Legal in Richmond," ostensibly an office within the Virginia Department of Corrections ("VDOC"), regarding alleged "procedural violations" in "the hearings process." Several hours after he mailed the letter, plaintiff informed his supervisor, the inmate hearings officer, of the letter. On August 7, 2007, plaintiff was informed that his employment had been terminated. After filing several informal complaints and inmate requests regarding the termination of his employment as an inmate advisor, plaintiff filed a regular grievance,

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] The facts have been adduced from plaintiff's complaint and the documents submitted in support thereof.

which was denied by the Level I respondent on September 18, 2007. The denial stated, in pertinent part:

> In your grievance, you state that you would like to be reinstated to the position of an inmate advisor.
>
> Attached to your grievance is an informal complaint response dated August 14, 2007, by TPS Ms. Taylor stating "You are recommended for termination due to failure to perform work duties as instructed and failure to follow appropriate procedures in the performance of your duties."
>
> On September 7, 2007, Grievance Coordinator, Mr. Thomas met with you. You stated that you wanted to be reinstated to the position of inmate advisor or that you would like to have a position within the same pay grade.
>
> Investigation reveals that you failed to follow the appropriate procedures as instructed during the performance of your job duties.
>
> Based on the information above, your grievance has been deemed **UNFOUNDED**. . . .

Plaintiff appealed to the Level II respondent, the VDOC's Regional Director, who upheld the decision of the Level I respondent. The Level II response, dated November 5, 2007, stated, in relevant part:

> Your grievance appeal has been reviewed along with the Level I response and your original complaint. In your grievance you state you were terminated from your job as retribution for bringing forth due process violations that you say were occurring. This issue has been investigated. The investigation revealed there was no apparent violation of policy regarding your termination. This office could find no additional evidence to support your allegations of retribution. . . .

## II. DISCUSSION

Plaintiff alleges that "[t]he taking of [his] job was retribution for doing [his] job." Plaintiff's claim must fail. An inmate's expectation of keeping or obtaining a specific prison job, or any job, does not implicate a protected constitutional right. See, e.g., Kitchen v. Upshaw, 286 F.3d 179,

2

186-187 (4th Cir. 2002) (finding that the plaintiff had not been deprived of any liberty interest when prison officials refused to allow him to participate in a work-release program even though the sentencing order had stated that he may participate in such a program if eligible); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (opining that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection). In sum, inmates have no independent constitutional right to job opportunities while incarcerated, and prison officials may generally terminate an inmate from his job for any reason without offending constitutional principles.[3] See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (applying

---

[3] See also, Martin v. Johnson, Civil Action No. 7:08-cv-00249 (W.D. Va. April 8, 2008); Nicholas v. Kanode, Civil Action No. 7:07-cv-00576 (W.D. Va. December 13, 2007); Rosa v. Bowker, Civil Action No. 7:07-cv-00519 (W.D. Va. November 6, 2007); Tully v. Spicer, Civil Action No. 7:07-cv-00188 (W.D. Va. April 19, 2007), affirmed by 238 Fed. Appx. 981 (4th Cir. August 30, 2007); Chapman v. Huffman, Civil Action No. 7:06-cv-00708 (W.D. Va. December 14, 2006), affirmed by 231 Fed. Appx. 265 (4th Cir. June 28, 2007), certiorari denied by 128 S.Ct. 1247 (February 19, 2008).

The court adds that plaintiff does not allege that a discriminatory motive compelled the decision to discharge him from his employment as an inmate advisor. Plaintiff does not allege that the termination of his employment violated equal protection principles. Nonetheless, the court notes that a discriminatory motive is required to show a violation of the Fourteenth Amendment's Equal Protection Clause. To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with
(continued...)

3

Sandin v. Conner, 515 U.S. 472, 484 (1995) (a prisoner's liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life")).

### III. CONCLUSION

For the stated reasons, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. To the extent plaintiff believes the instant complaint may have stated a claim under state law, the court declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claim.

Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). An appropriate order will be entered this day.

**ENTER**: This _8th_ day of July, 2008.

_Jackson L. Kiser_
Senior United States District Judge

---

[3](...continued)
whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); see also Castaneda v. Partida, 430 U.S. 482, 493 (1977); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977). Plaintiff is advised that prisoners are not a suspect class. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Because plaintiff has not alleged any of the requisite conditions to a cognizable claim, any equal protection claim would fail.

4